SCHEB, Acting Chief Judge.
William Whidden, the husband, seeks reversal of certain provisions of a final judgment of dissolution of marriage. He raises several issues. We address only two.
First, the husband contends that the trial court erred in awarding the wife, Jean Gray Ellington, permanent periodic alimony of five hundred dollars per month. A review of the record reveals that the trial court had substantial competent evidence before it to award this amount. Thus, we find no abuse of discretion in the award of permanent periodic alimony. We note, however, either party may petition for modification of the final judgment should a substantial change of circumstances occur.
Second, the husband asserts the trial court erred in failing to reserve jurisdiction over property, financial and other appropriate issues. He notes that on October 3, 1984, the parties filed a written stipulation to such reservation of jurisdiction. In its oral pronouncement the court specifically reserved jurisdiction on all matters not determined at the hearing on October 8, 1984. Yet, in the written final judgment filed October 22, 1984, the court only expressly reserved jurisdiction “to rule on the issues of permanent child custody and visitation rights, as well as enforcement or modification of the terms of this Order.” In view of the court’s oral pronouncement, we construe this provision of the written final judgment as reserving jurisdiction to permit the parties to litigate any issues not disposed of in the final judgment.
We find no merit to the husband’s remaining points on appeal.
Accordingly, we affirm the final judgment as construed.
SCHOONOVER and FRANK, JJ., concur.